UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JEREMIAH J. CROOK, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 4:02CV855 DJS |
| | ) (FRB) |
| LARRY ROWLEY,[1] | ) |
| | ) |
| Respondent. | ) |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

This matter is before the Court on Missouri state prisoner Jeremiah J. Crook's pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. All pretrial matters were referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) for appropriate disposition.

On June 11, 2001, petitioner plead guilty in the Circuit Court of St. Charles County, Missouri, to one count of Trafficking First Degree and one count of Possession of a Controlled Substance. Petitioner was sentenced that same date to concurrent terms of sixteen years' and five years' imprisonment, respectively. Petitioner did not appeal his conviction or sentence nor did petitioner file any motions for post-conviction relief. Petitioner's petitions for writ of habeas corpus filed pursuant to

---

[1] Petitioner is currently incarcerated at Northeast Correctional Center (NECC) in Bowling Green, Missouri. Because Jim Moore is Superintendent of NECC, he should be substituted for Larry Rowley as proper party respondent. Rule 2(a), Rules Governing Section 2254 Cases in United States District Courts.

- 1 -

Missouri Supreme Court Rule 91 were denied. (Petn. at 3-4.)

In the instant petition, petitioner raises six claims for relief:

(1) That he is actually innocent of the crimes of which he was convicted inasmuch as the chemical found at his home was a byproduct of methamphetamine production engaged in by his wife for her own use;

(2) That he received ineffective assistance of counsel in that counsel erred in advising petitioner that he would be eligible for parole when in fact a conviction in trafficking precludes parole;

(3) That he received ineffective assistance of counsel in that counsel misinformed petitioner regarding the State's ability to amend the original indictment to add a charge of Possession of a Controlled Substance;

(4) That he received ineffective assistance of counsel in that counsel failed to investigate the charge as alleged in the original indictment which would have revealed that petitioner's alleged conduct did not satisfy the elements of the charged offense;

(5) That he received ineffective assistance of counsel in that counsel failed to move to quash the indictment on the ground that the indictment alleged an offense different from that as charged in the complaint upon which petitioner's arrest was effectuated; and

(6) That the trial court failed to inform petitioner that he was not eligible for parole on the charge of Trafficking First Degree to which petitioner entered a plea of guilty.

In response, respondent contends that the claim of actual innocence as raised in Ground 1 is not cognizable in this federal habeas proceeding and should be denied. With respect to Grounds 2-6, respondent argues that the claims are procedurally barred from federal habeas review inasmuch as petitioner failed to raise the

claims in a motion for post-conviction relief under Missouri Supreme Court Rule 24.035.

### I. Non-cognizable Claim

In Ground 1 of the instant petition, petitioner raises an independent claim that he is actually innocent of the crimes of which he was convicted. In support of his claim, petitioner has submitted the affidavit of his spouse in which she attests that petitioner was not involved in the manufacture of methamphetamine and that the substance found upon which the charges against petitioner were based was the byproduct of her conduct in manufacturing methamphetamine for her own use. For the following reasons, petitioner's free-standing claim of actual innocence is not cognizable in this federal habeas proceeding and should be denied.

In Herrera v. Collins, 506 U.S. 390 (1993), the petitioner sought federal habeas relief on the sole basis that newly discovered evidence demonstrated that he was actually innocent of the crimes of capital murder of which he was convicted. The newly discovered evidence upon which petitioner relied consisted of affidavits in which it was attested that a person other than petitioner committed the crimes. Petitioner argued that such evidence proved him innocent notwithstanding the verdict reached at trial. As such, petitioner claimed that to be executed for a crime he did not commit would violate the Eighth Amendment's prohibition against cruel and unusual punishment as well as the Fourteenth Amendment's right to due process. The Supreme Court

determined such a free-standing claim of actual innocence, absent any connection to an underlying constitutional violation at trial, not to state a cognizable claim for federal habeas relief. Herrera, 506 U.S. at 400-01.

> *"[T]he existence merely of newly discovered evidence relevant to the guilt of a state prisoner is not a ground for relief on federal habeas corpus."* This rule is grounded in the principle that federal habeas courts sit to ensure that individuals are not imprisoned in violation of the Constitution--not to correct errors of fact. . . .
>
> . . . Few rulings would be more disruptive of our federal system than to provide for federal habeas review of freestanding claims of actual innocence.

Id. (quoting Townsend v. Sain, 372 U.S. 293, 317 (1963)) (emphasis in Herrera).

Claims of actual innocence, therefore, are reviewed in federal habeas proceedings only in conjunction with an independent constitutional violation occurring in the underlying state criminal proceeding. Id. at 400. This rule, grounded on the principle that habeas courts must see that federal constitutional errors do not result in the imprisonment of innocent persons, id. at 404, was recently re-emphasized by the Eighth Circuit in Burton v. Dormire, 295 F.3d 839 (8th Cir. 2002) (en banc):

> [W]e have squarely rejected the notion that a prisoner may receive a writ simply because he claims he is innocent. "[C]laims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding."

> Meadows v. Delo, 99 F.3d 280, 283 (8th Cir. 1996) (quoting Herrera v. Collins, 506 U.S. 390, 400 [] (1993)). It is a foregone conclusion we must apply our earlier precedent, see United States v. Franklin, 250 F.3d 653, 665 (8th Cir. 2001), thus Burton's claim of innocence does not entitle him to a writ.

Burton, 295 F.3d at 848.

As such, "a claim of 'actual innocence' is not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits." Herrera, 506 U.S. at 404.

In Ground 1 here, as in Herrera, petitioner does not assert his actual innocence so as to permit this Court to review on its merits an otherwise barred constitutional claim. Instead, petitioner argues only that he is entitled to habeas relief because newly discovered evidence shows his conviction to be factually incorrect. Because such an argument does not provide a basis for federal habeas relief, the claim is not cognizable in this federal habeas proceeding and should be denied. Herrera, 506 U.S. at 404; see also Burton, 295 F.3d at 848; Meadows v. Delo, 99 F.3d 280, 283 (8th Cir. 1996). To the extent it may argued that petitioner asserts actual innocence as a gateway by which this Court may review otherwise barred claims on their merits, such an assertion is addressed infra at Section II.B.

## II. Cognizable Claims

Petitioner's remaining grounds for relief appear to state claims that he is in custody in violation of his constitutional

rights. Such claims are cognizable and thus may be addressed by this Court.

A.  Exhaustion Analysis

A petitioner must exhaust his state law remedies before the federal court can address the merits of his claims in a habeas petition. 28 U.S.C. § 2254(b)(1); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). The Court must first look to see whether the federal constitutional dimensions of the petitioner's claims have been fairly presented to the state court. Smittie v. Lockhart, 843 F.2d 295, 296 (8th Cir. 1988); see also Boerckel, 526 U.S. at 848. If not, the petitioner may still meet the exhaustion requirement if there are no currently available non-futile state remedies by which he could present his claims to the state court. Smittie, 843 F.2d at 296. When the petitioner's claims are deemed exhausted because he has no available state court remedy, the federal court still cannot reach the merits of the claims unless the petitioner demonstrates adequate cause to excuse his state court default and actual prejudice resulting from the alleged unconstitutional error, or that a fundamental miscarriage of justice would occur in the absence of such review. Coleman v. Thompson, 501 U.S. 722 (1991); Wainwright v. Sykes, 433 U.S. 72, 87 (1977); Keithley v. Hopkins, 43 F.3d 1216, 1217 (8th Cir. 1995); Stokes v. Armontrout, 893 F.2d 152, 155 (8th Cir. 1989). Every habeas ground advanced by the petitioner must survive this exhaustion analysis, or the petition may be dismissed. 28 U.S.C. § 2254(b)(2); Rose v. Lundy, 455 U.S. 509 (1982).

Respondent argues, and a review of the file shows, that the claims raised in petitioner's remaining grounds for relief are exhausted for purposes of federal habeas review inasmuch as petitioner failed to properly raise the claims in state court and there currently exists no available non-futile remedy by which petitioner could present his claims to the state court.

B.  Procedural Default

In Grounds 2-5, petitioner raises various claims of ineffective assistance of plea counsel.  In Ground 6, petitioner claims the trial court erred in failing to advise petitioner during the plea proceedings that he was ineligible for parole.  Because petitioner failed to file a motion for post-conviction relief pursuant to Missouri Supreme Court Rule 24.035, these claims are procedurally barred from federal habeas review.

A motion for post-conviction relief under Missouri Supreme Court Rule 24.035 provides the exclusive means by which a defendant who has plead guilty may challenge his conviction or sentence.  Mo. S. Ct. R. 24.035(a).  Such a motion must be filed within ninety days after being delivered to the custody of the Missouri Department of Corrections and must include every ground known or reasonably discoverable to the defendant.  Mo. S. Ct. R. 24.035(b), (d); see also Duvall v. Purkett, 15 F.3d 745, 746 (8th Cir. 1994); Walls v. Delo, 755 F. Supp. 873, 875 (E.D. Mo. 1991).  "Failure to file the Rule 24.035 motion within ninety days 'shall constitute a complete waiver of any right to proceed under this Rule.'"  Duvall, 15 F.3d at 746 (quoting Mo. S. Ct. R. 24.035(b)).

The failure to timely file a Rule 24.035 motion results in a procedural default which may be excused only by showing cause for such default and prejudice resulting therefrom. Id. at 748 n.6.

As cause for his default, petitioner contends in a cursory manner that "during the time in which [he] had to file a post conviction motion pursuant to Missouri Supreme Court Rule 24.035, [he] had no knowledge of the grounds raised herein[.]" (Petr.'s Answer to Response/Docket No. 7 at p. 2.) Failure to timely recognize the legal significance of known facts, however, is insufficient to establish cause to excuse a procedural default. See Duvall, 15 F.3d at 748. Nor are the legal bases of petitioner's claims so novel that it can be said that such claims were not "available" during the period within which petitioner could pursue post-conviction relief. See Wemark v. Iowa, 322 F.3d 1018, 1022 (8th Cir. 2003); Frizzell v. Hopkins, 87 F.3d 1019, 1021 (8th Cir. 1996). Petitioner has thus failed to demonstrate cause sufficient to excuse his procedural default. In the absence of cause, the Court need not determine whether prejudice has been shown. Sherron v. Norris, 69 F.3d 285, 289 (8th Cir. 1995).

To the extent petitioner's claim of actual innocence may be construed as a request for the Court to consider his defaulted claims under the fundamental miscarriage of justice exception, such an assertion must fail. To raise the fundamental miscarriage of justice exception, petitioner must "make[] a showing, based on new evidence, that 'a constitutional violation has probably resulted in the conviction of one who is actually innocent.'" Brownlow v.

Groose, 66 F.3d 997, 999 (8th Cir. 1995) (quoting Schlup v. Delo, 513 U.S. 298, 326 (1995)). In support of his claim of actual innocence, petitioner has submitted the affidavit of his wife, Cheryl M. Crook, in which she attests that petitioner had "nothing what so ever to do with Manufacturing of Methamphetamine"; that the chemicals found "were the waste bi-products that [she] had thrown away after [she] had completed the Manufacturing of the Methamphetamine"; that petitioner "came into contact with those said chemicals [] when he was attempting to put out the fire that [she] had accidentally started after the Manufacturing of Methamphetamine"; and that she was "Manufacturing said drug for [her] own use and not for sales by [her]self or [petitioner]." (Petr.'s Answer to Response, Exh. B.) The factual basis of Ms. Crook's affidavit -- that petitioner was not involved in the manufacturing of methamphetamine and that the evidence forming the basis of the charges against petitioner resulted from her use and manufacture of methamphetamine -- existed at the time of petitioner's plea and could have been presented at that time. Ms. Crook's attestation of such facts, therefore, does not constitute "new evidence" of petitioner's innocence. See Lee v. Kemna, 213 F.3d 1037, 1039 (8th Cir. 2000), vacated on other grounds, 534 U.S. 362 (2002); Meadows, 99 F.3d at 282. Further, in light of petitioner's guilty plea, any attempt now to show actual innocence "would be unpersuasive." McCall v. Benson, 114 F.3d 754, 758 (8th Cir. 1997).[2]

---

[2]Indeed, at the plea proceedings, petitioner testified that he possessed a box full of pseudoephedrine at his home with the intent to manufacture methamphetamine; that, using a lab set up

Finally, petitioner's state petitions for writ of habeas corpus filed pursuant to Missouri Supreme Court Rule 91 fail to cure petitioner's default.  Although state habeas relief under Rule 91 is available to a petitioner who fails to pursue state appellate and post-conviction remedies, the opportunity to pursue such habeas relief is limited to only those claims which raise jurisdictional issues or which allege circumstances so rare and exceptional that a manifest injustice would result if habeas relief was not granted.  State ex rel. Simmons v. White, 866 S.W.2d 443, 446 (Mo. banc 1993); see also Clay v. Dormire, 37 S.W.3d 214, 217 (Mo. banc 2000); Duvall, 15 F.3d at 746-47.  To invoke the "manifest injustice" exception, a Rule 91 petitioner must "show that a constitutional violation has probably resulted in the conviction of one who is actually innocent."  Clay, 37 S.W.3d at 217 (internal quotation marks and citations omitted).  As such, in the absence of a jurisdictional challenge, allegations of trial errors "that have nothing to do with [] actual innocence" are not cognizable in a Rule 91 habeas petition.  Id. at 218.  Because the claims raised in the instant petition do not raise jurisdictional issues nor demonstrate that a constitutional violation has probably resulted in the conviction of one who is actually innocent, petitioner's pursuit of these claims in state habeas petitions did not remove

---

at his home, he engaged in the manufacture of methamphetamine by mixing several chemicals and heating them through the use of a hot plate; and that laboratory testing showed 289 grams of a substance containing methamphetamine to have been manufactured by such process.  (Petr.'s Answer to Response, Trans. of Guilty Plea at pp. 14-18.)

the procedural bar imposed by his failure to raise these claims on direct appeal or in a post-conviction motion.  Id.

The claims raised in Grounds 2-6 of the instant petition could have been raised in a motion for post-conviction relief under Missouri Supreme Court Rule 24.035, and petitioner's failure to file such a motion resulted in a procedural default.  Because the claims do not raise jurisdictional issues nor allege circumstances so rare and exceptional that a manifest injustice would result if state habeas relief was not granted, petitioner's filing of Rule 91 petitions for writ of habeas corpus did not cure his procedural default.  Finally, petitioner has failed to allege cause sufficient to excuse procedural default and has failed to present new evidence of actual innocence demonstrating that a fundamental miscarriage of justice would occur if the Court were not to address his defaulted claims.  Therefore, the claims raised in Grounds 2-6 of the instant petition are procedurally barred from federal habeas review and should be denied.

Accordingly,

**IT IS HEREBY RECOMMENDED** that Jim Moore, Superintendent of Northeast Correctional Center, be substituted for Larry Rowley as proper party respondent.

**IT IS FURTHER RECOMMENDED** that Jeremiah J. Crook's petition for writ of habeas corpus (Docket No. 1) be dismissed without further proceedings.

The parties are advised that they have eleven (11) days

in which to file written objections to this Report and Recommendation. Failure to timely file objections may result in waiver of the right to appeal questions of fact. <u>Thompson v. Nix</u>, 897 F.2d 356, 357 (8th Cir. 1990).

_____
UNITED STATES MAGISTRATE JUDGE

Dated this  <u>19th</u>  day of April, 2005.